UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12 CV 2231 RWS |
| | ) | |
| GO GO INVESTMENTS, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiff J & J Sports Productions, Inc.'s motion for a default judgment. J & J Sports Productions owned the nationwide television distribution rights to a boxing match which took place on September 17, 2011. J & J Sports Productions sells the right to publically exhibit this broadcast to various public establishments (eg. hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.) A number of these establishments illegally intercepted the broadcast and showed it to their patrons without obtaining a license to do so from J & J Sports Productions.

The present lawsuit alleges that Go Go Investments, LLC (d/b/a Nubia Cafe) and Clinton Billups, Jr. illegally intercepted the broadcast and played it to patrons at Nubia Cafe. J & J Sports Productions has sued Defendants under two alternative federal statutes.

J & J Sports Productions' first count alleges a violation of 47 U.S.C. § 605, which prohibits the unauthorized publication or use of communications. In the context of the present lawsuit, this statute prohibits the unauthorized interception of video programming from a satellite that is primarily intended for direct receipt only by authorized users. It provides for statutory damages of not less that $1,000 but not more than $10,000. Id. at § 605(e)(3)(C)(i)(II). Where the violation was committed willfully and for the purpose of commercial gain the statutory

damages may be increased in an amount of not more than $100,000.  Id. at § 605(e)(3)(C)(ii). Attorney's fees and costs may also be recovered under this statute.  Id. at § 605(e)(3)(B)(iii).

J & J Sports Productions' second count alleges a violation of 47 U.S.C. § 553, which prohibits the unauthorized reception of cable services.  It provides for statutory damages of not less that $250 but not more than $10,000.  Id. at §553(c)(3)(A)(ii).  Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $50,000.  Id. at §553(c)(3)(B).  Attorney's fees and costs may also be recovered under this statute.  Id. at § 553(c)(2)(C).

The defendants in this matter have been served.  On October 11, 2013, the Clerk of Court entered a default against the defendants because they failed to file an answer or other responsive pleading.  In its complaint, J & J Sports Productions prayed for the maximum statutory damages in the amount of $100,000 for the violation of 47 U.S.C. § 605 and $50,000 for the violation of 47 U.S.C. § 553.  In its motion for a default judgment, J & J Sports Productions seeks statutory damages of $150,000.  Plaintiff can recover either under § 605 if Defendants intercepted the broadcast from a satellite or under § 553 if Defendants intercepted the broadcast from a cable service.  Plaintiff cannot recover damages under both statutes.

Neither the complaint nor any other filings in this matter indicate which method Defendants used to intercept the broadcast.  I will therefore grant J & J Sports Productions a default judgment under § 605.  Damages awarded pursuant to 47 U.S.C. § 605 or 47 U.S.C. § 553 have varied tremendously in this district.  See Joe Hand Promotions, Inc. v. Thompson, No. 4:11CV1740, 2013 WL 466278, at *3 (E.D. Mo. Feb. 7, 2013) (collecting cases of awards between $3,000.00 and $150,000.00).  In fashioning a statutory award, the Court in Thompson considered, among other things, the amount of the financial gain by the defendant, whether the defendant is alleged to be a repeat violator, and the need to deter future violations.  Id.  Based on the affidavits provided by Plaintiff, I will exercise my discretion to award statutory damages in the amount of $10,000.00 under § 605(e)(3)(C)(i)(II), $5,000.00 in enhanced statutory damages

under § 605(e)(3)(C)(ii), and costs in the amount of $400.00 under § 605(e)(3)(B)(iii). With regard to Plaintiff's request for attorney's fees, Plaintiff submits the affidavit of its attorney, Vincent Vogler. Mr. Vogler avers that Plaintiff incurred approximately 10 hours of legal service at a cost of $250.00 per hour. I find Plaintiff's request for attorney's fees to be reasonable and will award the requested amount of $2,500.00. Thus I will award Plaintiff a total of $17,900.00. However, Plaintiff has not shown it is entitled to post-judgment interest at the rate of nine percent per annum, as requested. Post-judgment interest in federal court accrues at the rate set by federal law.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion for default judgment [#19] is granted in part only to the extent set out above and is denied in all other respects.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2014.